# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **LAKISHA BROWN**<br>537 N. Carrollton Ave #2<br>Baltimore, MD 21223<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFO. SRVCS. LLC**<br>Serve: The Corporation Trust Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093<br><br>Defendant,<br><br>**EXPERIAN INFO. SOLS. INC.**<br>Serve: CSC-Lawyers Incorp. Srvc. Co.<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant,<br><br>**TRANS UNION, LLC**<br>Serve: ~~Jonathan Bierer~~ CSC<br>502 ~~S. Sharp Street #1100~~<br>~~Baltimore, MD 21201~~<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, LaKisha Brown, (hereafter the "Plaintiff") and for her complaint against the Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("TransUnion"), she alleges as follows:

## PRELIMINARY STATEMENT

1

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PARTIES TO THIS ACTION

2. LaKisha Brown is an individual living in Baltimore City, Maryland and a "consumer" and/or "person" as defined by the FCRA, 15 U.S.C. §§ 1681(b) and 1681(c).

3. Defendant Equifax is a credit reporting agency that operates throughout the United States, including the state of Maryland.

4. Defendant Experian is a credit reporting agency that operates throughout the United States, including the state of Maryland.

5. Defendant TransUnion is a credit reporting agency that operates throughout the United States, including the state of Maryland.

## FACTUAL ALLEGATIONS

6. In 2019, Ms. Brown viewed her credit reports and discovered two erroneous medical collections being reported by Wakefield Associates ("Wakefield") and Transworld Systems, Inc. ("Transworld").

7. Both Wakefield and Transworld are unreliable sources of information.

8. Wakefield claimed to be collecting on a medical debt originating from CEP America.

9. Transworld claimed to be collection on a medical debt originating from St. Agnes.

10. Plaintiff had not incurred a medical debt, or she paid any incurred medical debt with CEP America and St. Agnes Hospital.

11. Wakefield and Transworld have a history of furnishing inaccurate information to Defendants, including reporting debts that do not exist or debts that have been paid.

12. Although the Defendants know Wakefield and Transworld are unreliable sources of information, the Defendants parrot the information they receive from them.

13. Plaintiff disputed the Wakefield and Transworld collections with the Defendants.

14. The Defendants did not forward notice of Plaintiff's dispute to the furnishers.

15. The Defendants did not conduct an investigation of Plaintiff's dispute.

16. The Defendants did not send notice of its dispute results to Plaintiff.

17. Defendants published inaccurate credit reports to at least one third party.

18. At some point, the inaccurate collections were removed from Defendants' reports.

### COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)

19. Plaintiff incorporates paragraphs 1 through 18.

20. Defendants' reliance on debt collectors Wakefield and Transworld is not a reasonable procedure to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files because Wakefield and Transworld are unreliable sources of information.

21. Defendants' failure to consider information that it received from Plaintiff during the preparation of their credit reports is not a reasonable procedure to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files because Wakefield and Transworld are unreliable sources of information.

22. Defendants violated 15 U.S.C. § 1681e(b) by utilizing credit reporting procedures that relied on unreasonable sources of information and failed to consider Plaintiff's information.

3

23. As a result of the Defendant CRAs' violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

24. The violations by the CRAs were willful, rendering each of the Defendants individually liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(a)

25. Plaintiff incorporates paragraphs 1 through 24.

26. Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to notify Wakefield and Transworld that Plaintiff disputed the information furnished by them.

27. Defendants violated 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(4) by failing to consider all the relevant information provided by the Plaintiff and conducting a reasonable reinvestigation of his dispute.

28. Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to delete disputed information that they did not verify as accurate or complete.

29. Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to delete disputed information that they did not verify as accurate or complete.

30. Defendants violated 15 U.S.C. § 1681i(a)(6)(A) by failing to provide Plaintiff with the results of Defendants' reinvestigation of her dispute(s).

31. The Defendants have virtually no policies, practices or procedures to investigate a consumer's dispute, much less review and consider the relevant information provided by the consumer as a part of a reinvestigation.

32. Although the Defendants are required to *both* investigate the consumer dispute pursuant to section 1681i(a)(1) and forward notice of the dispute to the furnisher pursuant to section 1681i(a)(2), the policies, practices and procedures of the Defendant CRAs are designed to only comply with § 1681i(a)(2).

33. Despite the plain language of section 1681i(a)(1)'s language to conduct a reinvestigation, the Defendant CRAs have enacted policies, practices and procedures that rely on the furnisher's response to a consumer's dispute instead of the CRAs conducting their own reinvestigation.

34. And in instances, such as here, where the Defendants fail to comply with section 1681i(a)(2), no investigation is conducted at all because the Defendants rarely, if ever conduct an independent investigation, and the furnisher does not investigate the dispute because the Defendants failed to provide them with notice of the dispute.

35. Because the Defendants almost *never* conduct an investigation to determine whether the disputed information is accurate, complete or verifiable, the Defendants *never* obtain evidence to establish or confirm the accuracy or completeness of the disputed information as required by sections 1681i(a)(1)(A) and 1681i(a)(5)(A).

36. Accordingly, the Defendants violated 15 U.S.C. §§ 1681i(a)(1)-(5) by failing to properly respond to Plaintiff's disputes.

37. As a result of the CRAs' violations of 15 U.S.C. §§ 1681i(a)(1)-(6), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

38. The violations by the Defendants were willful, rendering each of them individually liable for statutory and punitive damages, actual damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o.

### COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681g(a)

39. Defendant Equifax failed to furnish Plaintiff's credit report on September 20, 2019.

40. Defendant Equifax's failure to furnish Plaintiff with her credit report was a violation of 15 U.S.C. § 1681g(a), which requires a CRA to timely disclose all information in the Plaintiff's credit file after receiving a request from Plaintiff for such information.

41. Plaintiff suffered anxiety and frustration as a result of Defendant Equifax's failure to furnish Plaintiff with her credit report.

42. Defendant Equifax's failure to furnish Plaintiff's credit report was intentional or reckless, rendering Equifax liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover actual damages, statutory damages, and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### TRIAL BY JURY IS DEMANDED

44. Plaintiff demands a trial by jury of any and all issues triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks a judgment against the Defendants for actual and/or statutory damages and punitive damages; and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

Respectfully submitted,

**LAKISHA BROWN**

/s/ Quinn B. Lobato
Quinn B. Lobato, Esq
210 Grisdale Hill
Riva, MD 21140
Tel: (240) 305-4770
Email: quinn.lobato@gmail.com

*Attorney for Plaintiff LaKisha Brown*